# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**WENDY PEREZ,**

      **Plaintiff,**

**v.**                                                          **Case No: 6:21-cv-257-EJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## ORDER[1]

This cause comes before the Court on Plaintiff's appeal of an administrative decision denying her application for Disability Insurance Benefits ("DIBs"), alleging June 16, 2018, as the disability onset date. (Tr. 194; Doc. 27 at 1.) In a decision dated September 29, 2020, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. (Tr. 12.) Plaintiff has exhausted her available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the joint memorandum (Doc. 27), and the applicable law. For the reasons stated herein, the Court **AFFIRMS** the Commissioner's decision.

---

[1] On August 31, 2021, both parties consented to the exercise of jurisdiction by a magistrate judge in this case. (Doc. 13.) Accordingly, the case was referred to the undersigned by an Order of Reference on September 2, 2021. (Doc. 15.)

**I.     ISSUES ON APPEAL**

Plaintiff frames the issues on appeal as follows:

1. Whether the Commissioner correctly evaluated the medical and non-medical evidence in determining Plaintiff was not disabled;

2. Whether the ALJ committed reversible error in assessing Plaintiff's Residual Functional Capacity ("RFC"); and

3. Whether the Commissioner's Findings at Steps Two, Three, and Five of the sequential evaluation process constitute reversible error.

(*See* Doc. 27.) However, as discussed in the Analysis section, *infra*, the Court substantially reframed the issues based on the quality of Plaintiff's arguments.

**II.    STANDARD OF REVIEW**

The Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is de novo." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

III.  ANALYSIS

At the outset, the Court notes that the briefing in the Joint Memorandum (Doc. 27) is not a model of clarity. Specifically, Plaintiff presents her issues on appeal in a disjointed and haphazard manner, frequently asserting arguments without citing to legal authority and without further discussion.[2] This makes meaningful review difficult. As a general matter, the Court cannot, and will not, review perfunctory, unsupported arguments. *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, 664 F. App'x 774, at 777 n.2 (11th Cir. 2016) (stating that the claimant's perfunctory argument was arguably abandoned*)*; *Gombash v. Comm'r of Soc. Sec.*, 566 F. App'x 857, 858 n.1 (11th Cir. 2014) (stating that the issue was not properly presented on appeal where claimant provided no supporting argument); *NLRB v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."). However, after a careful and thorough review of the Joint Memorandum, the undersigned has identified the following issues that Plaintiff has presented clearly enough to warrant review.

---

[2] For example, the vast majority of the arguments Plaintiff asserts on pages 11 through 16 (corresponding to Issue 1) of the Joint Memorandum do not include any legal support or analysis and often fail to provide specific pinpoint citations to the record. (Doc. 27 at 11–16.) Rather, they are asserted as one to two sentence propositions lacking substantive argument. Additionally, the arguments presented on pages 41 through 43 (corresponding to Issue 3) are entirely duplicative of earlier arguments.

### A. Whether the ALJ Erred in Determining Plaintiff's Credibility

Plaintiff argues that the ALJ erred in determining Plaintiff's statements regarding her pain were inconsistent with the record. (Doc. 27 at 16–19.) Social Security Ruling ("SSR") 16-3p provides guidance as to how an ALJ is to evaluate the subjective complaints of a claimant. SSR 16-3p provides that the "subjective symptom evaluation is not an examination of an individual's character," but instead a two-step evaluation of the evidence at hand. SSR 16-3p, 2017 WL 5180304, at *2–3 (Oct. 25, 2017). First, the ALJ "determine[s] whether the individual has a medically determinable impairment . . . that could reasonably be expected to produce the individual's alleged symptoms." *Id.* at *3. Then, the ALJ "evaluate[s] the intensity and persistence of an individual's symptoms . . . and determine[s] the extent to which an individual's symptoms limit his or her ability to perform work-related activities." *Id.* at *4.

The ALJ may not reject a claimant's subjective complaints solely because the objective medical evidence does not substantiate the complaints. 20 C.F.R. § 404.1529(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your . . . symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements."). This regulation instructs administrative law judges to "carefully consider any other information [a claimant] may submit about [his] symptoms." *Id.* § 404.1529(c)(3). It also provides the following six non-exhaustive factors the ALJ should consider when evaluating the subjective complaints: a

claimant's daily activities; "the location, duration, frequency, and intensity" of other symptoms; "precipitating and aggravating factors;" "the type, dosage, effectiveness, and side effects" of a claimant's medication taken to alleviate his symptoms; any other treatment for alleviating symptoms; and measures a claimant used to alleviate the symptoms, such as lying down. *Id.* The ALJ may reject testimony about subjective complaints, but that rejection must be based on substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). In the end, subjective complaint evaluations are the province of the ALJ. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014).

Here, the ALJ ultimately determined that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but her statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 22.) The ALJ found that Plaintiff's radiographic studies were mild, except as to her spine. (Tr. 26.) Her orthopedic provider deemed her fit for light work, with some postural limitations as of October 2018. (*Id.*) She was also released by the Worker's Compensation examining physician in January 2019, with no functional limitations. (*Id.*) The ALJ acknowledged Plaintiff's disc disease and left shoulder issues, but the ALJ accounted for these by limiting her RFC to light work with additional limitations. (*Id.*)

The ALJ thus acknowledged that Plaintiff did have some pain, just not to the extent Plaintiff asserted. Pain does not equate to a particular RFC limitation. *See* 20

C.F.R. § 404.1529(a) ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled.") Plaintiff argues that the ALJ ignored a number of diagnostic tests, ongoing treatment records with multiple specialists, and procedures that offered Plaintiff no relief from her pain. (Doc. 27 at 17 (citing Tr. 322, 326, 408, 414, 417, 420, 426, 429, 433, 435, 512, 719, 822, 832, 842.)) However, as the Commissioner points out, the Court is not permitted to re-weigh the evidence or substitute its opinion for that of the ALJ. If the ALJ's findings are based on the correct legal standards and are supported by substantial evidence, the Commissioner's decision must be affirmed even if the undersigned would have reached a different conclusion. *See Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995) ("A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court.") (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

For example, Plaintiff takes issue with the ALJ's treatment of her records from Adkore Rehabilitation. (Doc. 27 at 17; Tr. 26.) Plaintiff asserts the Adkore records show Plaintiff's treatment prognosis was poor and it was unlikely that Plaintiff would fully recover from her pain. (Doc. 27 at 17; Tr. 822.) However, the ALJ fully discussed the treatment records from Adkore, specifically noting Plaintiff's complaints of pain in her neck, lower back, right heel, upper back, and left shoulder and that, despite this pain, the treatment at Adkore consisted solely of spinal adjustments. (Tr. 26.) A review of the ALJ's opinion indicates that the ALJ acknowledged Plaintiff's complaints of pain, both favorable and unfavorable, that were supported by the records and

incorporated them into the RFC finding.

Plaintiff then argues that the ALJ misrepresented Plaintiff's statements regarding her daily activities by failing to fully acknowledge Plaintiff's statements about her severe limitations of daily activities. (Doc. 27 at 18–19 (citing Tr. 37–63, 236–241, 250–268, 281–294)). Essentially, Plaintiff argues that the ALJ underestimated the limitations Plaintiff had in her activities of daily living.

An ALJ is not foreclosed from considering a plaintiff's daily activities when evaluating subjective complaints. SSR 16-3p explicitly allows ALJs to consider daily activities when evaluating a plaintiff's subjective complaints as to the severity of their symptoms. *See* SSR 16-3p; *Majkut v. Comm'r of Soc. Sec.*, 394 F. App'x 660, 663 (11th Cir. 2010) ("Although a claimant's admission that she participates in daily activities for short durations does not necessarily disqualify the claimant from disability, . . . that does not mean it is improper for the ALJ to consider a claimant's daily activities at all.").

Thus, it was not error for the ALJ to consider Plaintiff's daily activities in his analysis of her subjective complaints, nor do the pages cited by Plaintiff indicate a mischaracterization of Plaintiff's abilities. Rather, again, Plaintiff asks the Court to re-weigh the evidence. The ALJ here found, in consideration of all the evidence, that Plaintiff has mild to moderate limitations. (Tr. 18–19.) Specifically, the ALJ found that Plaintiff needed reminders to take care of her personal needs and take medications and could drive but could not go out alone. (Tr. 18.) The ALJ found that Plaintiff had some trouble in interacting with others because, while she was able to shop in stores once a

week, she had issues spending time and getting along with others. (*Id.*) The ALJ also found that Plaintiff had difficulty getting dressed and pain with bathing and shaving. (*Id.* at 19.) But she was able to prepare simple meals or microwave foods, do laundry, and engage in light cleaning. Therefore, the ALJ explicitly noted both the abilities and limits of Plaintiff's activities of daily living and supported them by substantial evidence. And Plaintiff has failed to demonstrate any inconsistency in the ALJ's statements.

### B. Whether the ALJ Erred in Assessing Plaintiff's RFC

Plaintiff argues the ALJ erred in failing to properly consider Plaintiff's use of multiple assistive devices for walking. (Doc. 27 at 35.) Plaintiff states that evidence in the record established Plaintiff's use of assistive devices, including a cane, wheelchair, braces, and other medical equipment. (*Id.* (citing Tr. 466, 469, 483, 485.)) Plaintiff asserts that these limitations were not adequately accounted for in the RFC finding. (Doc. 27 at 35.)

The ALJ is tasked with assessing a claimant's RFC. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the opinions of medical and non-medical sources. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).

Here, the ALJ made the following RFC determination:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), with the ability to lift/carry 20 pounds occasionally, and 10 pounds frequently, sit, stand and/or walk for 6 hours in an 8-hour workday, with normal breaks. She can push/pull and much as she could lift/carry, except the claimant is limited to the occasional use of bilateral hand and foot controls, occasional overhead reaching, frequent bilateral handling, fingering, and feeling, occasional climbing of ramps and stairs, but no climbing of ladders or scaffolds, frequent balancing, stooping and crouching, occasional kneeling, but never crawling. She can have no exposure to unprotected heights, moving mechanical parts, concentrated exposure to humidity and wetness, atmospheric conditions (dust, fumes and gasses), extreme cold, or extreme heat. Mentally, the claimant is limited to routine and repetitive tasks, frequent interaction with supervisors, co-workers, and the public. Her time off-task could be accommodated by normal breaks. The claimant shall have sit or stand option that allows for a change of position at least every 30 minutes which is a brief positional change lasting no more than 3 minutes at a time where the claimant remains at the workstation during the positional change.

(Tr. 19.)

The Commissioner acknowledges that the ALJ did not include an RFC finding regarding any need for ambulatory devices but asserts that Plaintiff has failed to meet her burden of establishing the need for such a device. (Doc. 27 at 32.) "To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed . . . ." SSR 96-9p, 1996 WL 374185, at *7. Here, the records cited by Plaintiff do not meet this burden. (Tr. 466, 469, 483,

485.) The record from Michael Thomas, D.O., states that Plaintiff's daughter should provide Plaintiff with attendant care. (Tr. 466.) The other pages Plaintiff cites are prescriptions for a home pulley system for shoulder range of motion (Tr. 469), a TENS unit (Tr. 483), and an SI belt (sacroiliac belt) (Tr. 485), not a handheld assistive device she would need to walk. As the ALJ observed, Plaintiff's gait was generally normal and records did not mention the need for an assistive device. (Tr. 24–26.) Plaintiff has failed to point the Court to a portion of the records that demonstrates Plaintiff required a handheld assistive device as directed by SSR 96-9p, and thus, her argument fails.

Plaintiff also argues that the ALJ's determination of migraine headaches as a severe medically determinable impairment but subsequent failure to consider the functional limitations of them in the RFC was error. (Tr. 36, 42.) The Commissioner's brief does not appear to address this argument.

Plaintiff is correct that, at step two, the ALJ found Plaintiff to have migraine headaches as a severe impairment. (Tr. 18.) The ALJ also extensively acknowledged that Plaintiff complained of migraine headaches, sometimes lasting for days at a time. (Tr. 20–25.) The ALJ also cited to several medical records that noted Plaintiff experienced migraines. (Tr. 24.) Thus, Plaintiff has not shown that the ALJ failed to credit her complaints concerning the limiting effects of her migraines, and she has not demonstrated that she needed additional restrictions in her RFC as a result of her headaches. *See Zuba-Ingram v. Comm'r of Soc. Sec.*, 600 F. App'x 650, 656 (11th Cir. 2015) (finding the ALJ's decision was supported by substantial evidence where Plaintiff had not established credible RFC limitations regarding her headaches.)

Therefore, the Court finds no error in the ALJ's assessment of Plaintiff's RFC.

### C. Whether the ALJ Relied on Inaccurate and Incomplete Testimony from the Vocational Expert

Plaintiff next argues that the ALJ failed to pose a hypothetical to the Vocational Expert ("VE") that encompassed all of Plaintiff's functional limitations. (Doc. 27 at 35–40.) Specifically, Plaintiff contends that because the RFC was not based on substantial evidence, the hypothetical posed to the VE is similarly flawed. (*Id.*) Defendant responds that the RFC was based on substantial evidence, and thus, the ALJ was not required to include additional limitations in the hypothetical question to the VE. (*Id.* at 40–41.)

At step five of the sequential evaluation, the ALJ must determine whether jobs exist in significant numbers in the national economy that a plaintiff can perform. *Winschel*, 631 F.3d at 1180. To make this determination, an ALJ may obtain the testimony of a vocational expert. *Id.* For the vocational expert's opinion to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.* (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)). "If the ALJ presents the vocational expert with incomplete hypothetical questions, the vocational expert's testimony will not constitute substantial evidence." *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950 (11th Cir. 2013).

Plaintiff's argument that the hypothetical posed to the VE did not accurately reflect Plaintiff's limitations is unpersuasive because, as discussed above, the

undersigned found no error in the ALJ's RFC determination. *See supra* § III(B). Because the ALJ's RFC determination is supported by substantial evidence, and the RFC was incorporated into the hypothetical question posed to the VE, the ALJ did not err in relying on the VE's opinions. *See Lee v. Comm'r of Soc. Sec.*, 448 F. App'x 952, 953 (11th Cir. 2011) ("The ALJ is not required to include findings in a hypothetical to a vocational expert that the ALJ has found to be unsupported."). Accordingly, the Court finds the ALJ's reliance on the VE's testimony was proper.

### IV.   CONCLUSION

Upon consideration of the foregoing, it is **ORDERED** and **ADJUDGED** that:

1. The Commissioner's final decision in this case is **AFFIRMED**; and
2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on September 23, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE